# THE ATTORNEY GENERAL
# OF TEXAS


September 21, 1961

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1147

Re:  Exemption from inheri-
tance taxes of devise
and bequest to The
Seeing Eye, Inc., Mor-
ristown, New Jersey.

Dear Mr. Calvert:

We quote the following excerpt from your letter request-
ing the opinion of this office on the above captioned mat-
ter.

"Mrs. May Margaret Powell died testate, a resi-
dent of Dallas County on January 31, 1957. After
making several special bequests, the residue of her
estate was devised to a number of charitable orga-
nizations, some of which were located in Texas and
some without. One of the organizations sharing in
the estate is The Seeing Eye, Inc., of Morristown,
New Jersey.

"We are furnishing you herewith a copy of the
last will and testament of the deceased as well as
a copy of a letter from The Seeing Eye, Inc., in
which they outline their method of spending the be-
quest in Texas."

The residuary clause of the last will and testament of the
decedent made an outright, unrestricted devise and bequest of
a portion of the estate to certain charitable institutions,
among them The Seeing Eye, Inc., Morristown, New Jersey.

You have furnished us with a copy of a letter from the Exe-
cutive Vice President of The Seeing Eye, Inc. We quote the
following excerpts from this letter:

"The Seeing Eye is incorporated as a non-profit
philanthropy under the laws of the State of New
Jersey, and our only operational base is here in
Morristown, New Jersey. We serve qualified blind
residents of the United States, its possessions

and Canada and we never discriminate as to race,
color, creed or geographical location within the
territory mentioned.

"Qualified blind persons seeking our ser-
vice come to Morristown for one month's trai-
ning, with board and room provided here at the
school. When the trainees return home with their
dogs, we maintain close relationship with them
by mail, telephone or personal visit, as their
need for assistance may require.

"During the fiscal year ended September 30th,
1955, we placed 18 dogs with qualified blind
Texans; for the next ensuing fiscal year 10; and
to date in the current fiscal year 6.

"There are at present 98 Texans using Seeing
Eye Dogs, most of whom are engaged in gainful em-
ployment and are not recipients of tax-supported
relief. Since the Seeing Eye was founded in 1929,
199 dogs have been assigned to Texans.

"Any funds bequeathed to us under the Will of
the late May Margaret Powell we hereby certify,
shall be ear-marked for operating expenses in ser-
ving Texans at the rate of $2,000 each. When the
funds bequeathed are exhausted, we will notify
you so that you will know the spirit of the law,
at least, has been fulfilled."

The question presented, therefore, is whether, under the
submitted facts, the proposed ear-marking of funds for opera-
ting expenses in serving Texans is sufficient to obtain an
exemption under the controlling statutory provision which,
at the date of the death of the decedent, was Article 7122,
Revised Civil Statutes of Texas (1925), as amended by S.B.
266, Acts 1955, 54th Leg., p. 1032, ch. 389, 1.

The pertinent portion of Article 7122 provides that the
schedule of taxes contained therein:

"shall not apply on property passing to or for
the use of the United States, or to or for the use
of any religious, educational or charitable orga-
nization, incorporated, unincorporated or in the
form of a trust, when such bequest, devise or gift
is to be used within this State. The exemption
from tax under the preceding provisions of this Ar-

ticle shall, without limiting its application under appropriate circumstances, apply to all or so much of any bequest, devise or gift to or for the use of the United States, or a religious, educational or charitable organization, which is, in writing and prior to the payment of the tax irrevocably committed for use exclusively within the State of Texas or transferred to a religious, educational or charitable organization for use exclusively within this State." (Emphasis our's)

This Department has already ruled that the fact that a charitable institution is a foreign corporation does not render it ineligible for the exemption on property passing to "any . . . charitable organization when such bequest, devise or gift is to be used within this State." Attorney General's Opinion S-198 (1956). It follows that an institution seeking to become eligible for the exemption provided by the last sentence of the Statute, as quoted above, is not disqualified to receive the exemption on the ground that the institution is a foreign corporation.

We turn our attention to the question of whether the words "use exclusively within the State of Texas" mean that the property must not only be used for the exclusive benefit of Texas charity, but also be kept at all times within the State and administered and dispensed within the State in accomplishing such purpose.

It has been held that the general rule of strict construction of exemption statutes is not followed in considering exemptions in favor of a charitable, religious or educational institution. 84 C.J.S. 533, Taxation, Sec. 281. Moreover, exemptions from inheritance taxes are construed strictly against the taxing authority and liberally in favor of the exemption. Lewis v. O'Hara, 130 S.W.2d 379 (Civ. App. 1939); State v. Hogg, 54 S.W.2d 274 (Civ. App. 1932, rev. on other grounds, 123 Tex. 508, 70 S.W.2d 699, 72 S.W.2d 593). 61 C.J. 1626, Taxation, Sec. 2413.

To be borne in mind also is the rule that in ascertaining the intent of the Legislature the language of an enactment is to be viewed in light of the object of the legislation. 39 Tex. Jur. 216, Statutes, Sec. 216. In this connection Corpus Juris Secundum states as follows:

"A statute providing a tax exemption for a charitable institution is to be fairly, liberally and reasonably construed, with an eye to the spirit of

of the laws, to the end of arriving at the intention
of the State to encourage charity."

. . ."The underlying reason for the exemption
is that it is given in return for the performance
of functions which benefit the public."

". . . The fundamental ground of all such exemp-
tions, where allowed, is a benefit conferred on the
community by charitable and benevolent institutions
in relieving the State to some extent of the burden
resting on it to care for and advance the interests
of its citizens." 84 C.J.S. 533-536, Taxation, Secs.
281,282.

We said in Attorney General's Opinion S-198 (1956):

"Exemptions to charitable institutions are bot-
tomed upon the fact that they render service to
the State for which reason they are relieved of cer-
tain tax burdens."

In Halff v. Calvert, 281 S.W.2d 178 (Civ. App. 1955, error
ref., n.r.e.) the Court had under consideration this same Ar-
ticle, save for the last sentence quoted above. There it was
stated at pages 180 and 181:

". . . The exception contained in Article 7122
provides that the schedule of taxes contained therein
'shall not apply on property passing to or for the
use of the United States or any religious, educa-
tional or charitable organization when such bequest,
devise or gift is to be used within this State.'
The Legislature has thus decided that the greater
good may be served by exempting certain property
from taxation, considering the use to which it is
dedicated. A use of property which alleviates a
burden which the State or its political subdivi-
sions would otherwise necessarily bear at public ex-
pense, or a use thereof which fulfills or accompli-
shes the generally accepted charitable objectives
of the people of the State, is recognized as a pro-
per subject of tax exemption by specific legislative
enactments."

From the foregoing it is apparent that the subject exemp-
tion has as its object the encouragement of charity for the
exclusive benefit of the State or, in other words, the alle-
viation of a burden which the State or its political subdi-

visions would otherwise necessarily bear. This being the case, the exemption should be construed, if possible, so as to effectuate that purpose.

Would not the furnishing of seeing-eye dogs to the needy blind of Texas be a service to the State of Texas by alleviating in some degree a charitable burden on the State of Texas and its political subdivisions? Manifestly, it would, and the fact that the subject bequest is administered and dispensed outside of the State is plainly irrelevant to the accomplishment of this object.

A construction of the subject exemption which would require a bequest to be administered and expended in the State as well as being used for the exclusive benefit of charity in this State would thus thwart the general policy of the law to encourage charity and, indeed, the apparent purpose of the present exemption which is to encourage the dedication of property exclusively to charity in Texas. We cannot believe that the Legislature intended to deny to Texas charity the benefit of gifts, devises and bequests where they are administered outside the borders of the State for the exclusive benefit of Texas charity. To the contrary, we are constrained to believe that in using the words "use exclusively within the State of Texas" the Legislature intended for the exemption to follow the benefit of the use of the property and to be allowed on property which has been properly commited for use exclusively in the State of Texas in the sense that the benefit of the use of such property is to accrue exclusively to Texas.

Therefore, the subject devise and bequest to The Seeing-Eye, Inc. is entitled to exemption under the above quoted portion of Article 7122 at such time as the property is by said corporation "in writing and prior to the payment of the tax, irrevocably committed for use exclusively within the State of Texas" as construed herein.

However, The Seeing-Eye, Inc. has not yet complied with Article 7122 by irrevocably committing the property. It is elementary that an irrevocable commitment does not arise from a mere letter from the executive vice-president of the corporation. The institution claiming the exemption under this statute must present satisfactory evidence that the governing board of the institution has expressly authorized the irrevocable commitment and the irrevocable commitment must be made pursuant to such authorization. Unless and until The Seeing-Eye, Inc. performs this condition precedent the property is not entitled to the exemption.

## SUMMARY

A devise and bequest to The Seeing-Eye, Inc., being a foreign charitable corporation which would manage and dispense the property without the borders of Texas for the exclusive benefit of Texans, can, under the facts presented, become an exempt devise and bequest under Article 7122 at such time, if ever, as the corporation presents satisfactory evidence that the governing board of the corporation has authorized the irrevocable commitment of such property for such purpose and the irrevocable commitment is, in fact, made pursuant to such authorization.

Very truly yours,

WILL WILSON
Attorney General

By: Henry Braswell

Henry Braswell
Assistant

HB/rd

APPROVED:

OPINION COMMITTEE
Morgan Nesbitt, Chairman

Linward Shivers
Riley Fletcher
William H. Hemphill

REVIEWED FOR THE ATTORNEY GENERAL
BY:

Leonard Passmore