**William Dee FOSTER, Appellant,**

**v.**

**Billy FOSTER, as Administrator with
Will Annexed of the Estate of
Bryant F. Foster, Appellee.**

**No. 05–92–02491–CV.**

Court of Appeals of Texas,
Dallas.

Sept. 17, 1993.

Rehearing Denied Nov. 8, 1993.

John D. Hill, Sherman, for appellant.

Robert E. Richardson, Jr., Sherman, for appellee.

Before KINKEADE, BURNETT and MORRIS, JJ.

## OPINION

KINKEADE, Justice.

William Dee Foster appeals from a trial court order approving the administrator's account for final settlement and denying his application for partition of assets. In two points of error, he argues that the trial court erred in concluding that a document signed by his brother, Billy A. Foster, was not a valid and enforceable exercise of a power of appointment granting him a one-half interest in the assets of the estate of his other brother, Bryant Foster. Because the trial court's conclusions that the document was not a valid and enforceable exercise of the power of appointment were incorrect, we reverse the trial court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

Bryant Foster died on August 24, 1985. He left a will dated March 24, 1985. Pursuant to the will, he appointed his brother, Billy Foster, executor of his estate. He left one dollar to each of his two sons. The rest of the estate was to be divided by Billy Foster "equally as he sees fit." The will did not mention Bryant Foster's other brother, William Foster. On September 12, 1985, Billy Foster filed an application in county court to probate the will. On October 7, 1985, he filed a request for a declaratory judgment in the same action, requesting the court to construe the will as granting him a general power of appointment to distribute the assets of his brother's estate.

After requesting the declaratory judgment but before the court acted on his request, Billy Foster consulted an attorney and signed an "Exercise of Power of Appointment" on November 23, 1985. That document provided:

I, BILLY A. FOSTER, the donee of a power of appointment given to me under the Last Will and Testament of Bryant F. Foster, dated March 24, 1985, which was admitted to probate in Cause No. 22566 styled "Estate of Bryant F. Foster, Deceased" in the Probate Court of Grayson County, Texas, Sitting in Probate, by Order dated September 27, 1985, hereby expressly exercise the aforesaid power by appointing one-half of the assets subject to it to my brother, William Foster, whose permanent address is Route 2, Box 275, West Monroe, Louisiana 71291.

The document was never filed with the court.

In response to Billy Foster's request for declaratory judgment, the court issued an order on February 5, 1986, construing the will. It held that the will created:

... a generally exercisable power of appointment of the residuary property of the Estate of Bryant F. Foster, Deceased, granted to Billy A. Foster as donee, in which Billy A. Foster shall have the current power to appoint all of such residuary estate to such persons, including himself, Billy A. Foster, and in such estate, interest and proportions as Billy A. Foster shall determine.

Billy Foster later filed a cumulative accounting of the assets of Bryant Foster's estate. The accounting showed that Billy Foster equally divided some but not all of the estate's assets between himself and William Foster. On January 8, 1992, William Foster filed an application for partition and distribution of the estate. He claimed that he was entitled to an undivided one-half of the assets of the estate under the exercise of the power of appointment signed by Billy Foster on November 23, 1985. Billy Foster moved for dismissal of the application. On April 24, 1992, Billy Foster filed an account for final settlement of the estate in which he exercised his power of appointment to give all the estate's remaining assets to himself.

The court entered an order on June 29, 1992, approving Billy Foster's cumulative accounting and his account for final settlement and denying William Foster's application for partition of assets. The court concluded that (1) the document signed by Billy Foster on November 23, 1985, was premature, (2) the court's declaratory judgment of February 5, 1986, declaring that Bryant Foster's intent was to give Billy Foster an unlimited power of appointment, required Billy Foster to ratify the November 23, 1985 document before that document became effective, (3) Billy Foster's failure to ratify the November 23, 1985 document operated as a *de facto* revocation of that document, and (4) any distributions made by Billy Foster to persons other than himself were gifts of the estate made pursuant to Billy Foster's unlimited power of appointment under the will as construed by the court.

## POWER OF APPOINTMENT

In his first point of error, William Foster contends that the court erred in concluding that the document signed by Billy Foster on November 23, 1985, was not a valid and enforceable exercise of his power of appointment granted in the will. William Foster argues that Billy Foster's power of appointment under the will was created by the will and vested in Billy Foster when Bryant Foster died on August 24, 1985. He further

argues that the November 23, 1985 document signed by Billy Foster met the criteria for exercising that power of appointment as set out in *Republic National Bank v. Fredericks,* 155 Tex. 79, 283 S.W.2d 39, 47 (1955). Since the power of appointment under the will was vested in Billy Foster at the time he signed the November 23, 1985 document and that document met the *Fredericks* criteria, William Foster concludes that the November 23, 1985 document was a valid assignment of an undivided one-half interest in the estate to him. We agree.

## Standard of Review

 William Foster attacks the trial court's legal conclusions as a matter of law. A conclusion of law is reviewable when attacked as a matter of law. *Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *overruled on other grounds, Shumway v. Horizon Credit Corp.,* 801 S.W.2d 890, 894 (Tex. 1991). We review a legal conclusion drawn from the facts to determine whether the trial court properly applied the law to the facts. *See id.* If the trial court's conclusion is incorrect, we reverse only if the facts do not support another legal theory on which to uphold the judgment. *See City of San Antonio v. Aguilar,* 696 S.W.2d 648, 653 (Tex. App.—San Antonio 1985, writ dism'd w.o.j.).

## Vesting of the Power of Appointment

 We first address the issue of when the power of appointment granted to Billy Foster vested. When an individual delegates to another person the power of designating or selecting how that individual's property will be divided upon death, that individual has granted a power of appointment. *See Fredericks,* 283 S.W.2d at 46. The person granting the power, such as a testator through a will, is the "donor." *See G.A.C. Halff Found. v. Calvert,* 281 S.W.2d 178, 182 n. 1 (Tex.Civ.App.—San Antonio 1955, writ ref'd n.r.e.). The person receiving the power is the "donee." *Id.* Those who receive property from the donee are "appointees." *Id.*

 Billy Foster argues that the power of appointment did not vest in him until the date the trial court construed the will as granting him a general power of appointment. Since that date was after the date he signed the exercise of the power of appointment, he argues the document was not effective until he ratified it, which he never did. Billy Foster's argument ignores the express language of section 37 of the Texas Probate Code. That section states:

> When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will, *and all powers of appointment granted in such will,* shall vest immediately in the devisees and legatees of such estate and *the donees of such powers* ....

TEX.PROB.CODE ANN. § 37 (Vernon Supp. 1993) (emphasis added). Based upon section 37, Billy Foster was vested with the power of appointment granted to him in the will immediately upon Bryant Foster's death on August 24, 1985; therefore, he could and did exercise that power as of November 23, 1985.

## Exercise of the Power of Appointment

 We next address the issue of whether the November 23, 1985 document was a valid exercise of Billy Foster's power of appointment. In *Fredericks,* the Texas Supreme Court prescribed the following three criteria for determining if an instrument purporting to be an exercise of a power of appointment is valid:

> (1) did the instrument reference the power,
>
> (2) did the instrument reference the property subject to execution under the power of appointment, and
>
> (3) would the provisions of the instrument executed by the donee otherwise be ineffectual; *i.e.,* would have no operation except as an execution of the power.

*Fredericks,* 283 S.W.2d at 47. When we apply these three criteria, the November 23, 1985 document exercised Billy Foster's power of appointment under the will. The document referenced the power of appointment granted under Bryant Foster's will and stated that Billy Foster was expressly exercising that power. The document referred to the property subject to execution under the power of appointment and specifically stated that Billy Foster appointed one-half of the assets

subject to the power of appointment to William Foster. The document titled "Exercise of Power of Appointment" specifically provided that Billy Foster was exercising the power of appointment granted to him under Bryant Foster's will.

Billy Foster contends that the document was not valid because it was never filed with the county court. Contrary to that argument, the court in *Fredericks* did not include filing with the court as a criterion for determining whether a power of appointment was valid. Billy Foster cites no authority and we find none requiring that an exercise of a power of appointment be filed with the court in order to be effective.

**Standing and Limitations**

In the alternative, Billy Foster contends that, assuming the November 23, 1985 document was a valid exercise of his power of appointment, William Foster lacked standing to file his application for partition and distribution of the estate. He argues that once the court construed the will as granting him a general power of appointment, William Foster no longer qualified as an "interested person" pursuant to section 3(r) of the Texas Probate Code with the right to complain about how the estate's assets were divided because William Foster was not a beneficiary under the will. Billy Foster's interpretation of section 3(r) is incorrect.

Section 3(r) defines interested persons as "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered...." TEX.PROB.CODE ANN. § 3(r) (Vernon 1980). William Foster claimed a property right in one-half of the assets of the estate by virtue of the November 23, 1985 exercise of the power of appointment. He was, therefore, an interested party as defined by section 3(r) and had standing to file his application.

Also in the alternative and assuming the November 23, 1985 document was valid and enforceable, Billy Foster contends that William Foster's claim was for breach of the document and was barred by limitations because he did not assert it within four years of the date the document was signed. He argues, therefore, that the trial court was re-

quired to disapprove the claim pursuant to section 298(c) of the Texas Probate Code. This argument fails for two reasons. First, a claim for breach of contract accrues when the contract is breached, not when the contract is signed. *See Hoover v. Gregory*, 835 S.W.2d 668, 677 (Tex.App. Dallas 1992, writ denied). Second, section 298 addresses money claims against a testator or intestate, such as those of a creditor, that were already in existence before death. TEX.PROB.CODE ANN. § 298(a) (Vernon 1980). That section does not concern claims dealing with the final division of the estate to devisees or appointees, as William Foster's claim in this case. *See* TEX. PROB.CODE ANN. § 298 (Vernon 1980).

**Conclusion**

Based upon section 37 of the Texas Probate Code and the criteria set out in *Fredericks*, the power of appointment granted to Billy Foster under Bryant Foster's will vested in Billy Foster at the time of Bryant Foster's death on August 24, 1985, and the November 23, 1985 document was a valid and enforceable exercise of that power. Accordingly, the court's conclusions that the document was invalid and unenforceable were incorrect because the trial court improperly applied the law to the facts. Because the exercise of the power of appointment was valid and enforceable, we conclude there is no other theory on which to affirm the court's order. We, therefore, sustain William Foster's first point of error. Because of our disposition of his first point of error, we need not reach his second point of error.

We reverse the court's order approving Billy Foster's account for final settlement and denying William Foster's application for partition of assets and remand the case to the court for further proceedings consistent with this opinion.