**AFFIRM; and Opinion Filed June 21, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-00928-CV**

**LOU NEMETH, Appellant**
**V.**
**REPUBLIC TITLE OF TEXAS, INC., Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-11111**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

Appellant Lou Nemeth appeals the trial court's order granting summary judgment in favor of appellee Republic Title of Texas, Inc. in a suit appellant initiated in connection with certain real property. In two issues, appellant asserts the trial court erred in granting appellee's motion for summary judgment because it did so before the completion of discovery and genuine issues of fact exist. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### FACTUAL AND PROCEDURAL BACKGROUND

In February of 2007, appellant and his wife bought a condominium unit in Irving. Appellee was the escrow agent for that sale and issued a title commitment to appellant and his wife. First American Title Insurance Co. wrote the insurance policy.

In 2012, appellant and his wife decided to sell the unit. They found a buyer and sold the personal belongings they did not intend to move to their new residence. The closing date was set for March 2, 2012. On that date, appellant and his wife signed the settlement statement. Funding was to occur that same day. Funding did not occur because the buyer sought an FHA loan and the lender denied the application because the investor ratio at the condominium complex exceeded FHA's guidelines. Appellant and his wife subsequently sold the condominium unit to another buyer and that sale closed.

Appellant sued appellee on September 2, 2016, asserting claims of breach of contract, breach of warranty, and negligent misrepresentation. The basis for appellant's claims are his assertion appellee did not tell him that the condominium development investor ratio for the condominium complex was too high, with too many of the units being owned by investors rather than owners, such that a subsequent purchaser would not be able to obtain an FHA loan.

The trial court heard and granted appellee's motion for traditional summary judgment on July 7, 2017. This appeal followed.

## DISCUSSION

### I. Discovery

In his first issue, appellant urges the trial court erred in not granting him additional time for discovery. A traditional summary judgment is not subject to the same restrictions as a no-evidence summary judgment, which may not be granted until an adequate time for discovery has passed. TEX. R. CIV. P. 166a(i); *Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 326 (Tex. App.—Fort Worth 2007, pet. denied) (adequate time for discovery provision of summary judgment rule did not apply to traditional summary judgment motions). Rule 166a(a) permits a party to file a traditional summary judgment motion "at any time after the adverse party has appeared or answered." TEX. R. CIV. P. 166a(a). When a party contends that he has not had an

–2–

adequate opportunity for discovery before the consideration of a traditional summary judgment motion, such as here, the party requesting additional time must file an affidavit stating the reasons for needing additional discovery or a verified motion for continuance. TEX. R. CIV. P. 166a(g), 251, 252; *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 780 (Tex. App.—Dallas 2006, pet. denied).

Here, on the issue of adequate time for discovery, appellant merely stated in his summary judgment response, "[f]inally, Movant filed the Summary Judgment prematurely as an adequate amount of time for discover [sic] has not elapsed." Because appellant did not file an affidavit or a verified motion, he failed to preserve his complaint concerning discovery for our review. *See Tenneco*, 925 S.W.2d at 647. We overrule appellant's first issue.

## II.     Summary Judgment

In his second issue, appellant urges the trial court erred in granting appellee summary judgment because genuine issues of material fact exist as to whether appellee fulfilled its duty to disclose Texas Property Code section 82.067(f) information as it related to the Condominium Declaration for the condominium complex.[1]

A.  Standard of Review

The standard of review in traditional summary-judgment cases is well established. *Gonzalez v. Vatr Constr.* LLC, 418 S.W.3d 777, 782 (Tex. App.—Dallas 2013, no pet.). The issue on appeal is whether the movant met its summary-judgment burden by establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The movant bears the burden of proof and all doubts about the existence of a genuine

---

[1] Section 82.067(f) of the property code provides, "[i]f permitted by the declaration, the board or the declarant, if the declarant owns a unit that has never been occupied, may without a vote of the unit owners or approval of the association amend the declaration in any manner necessary to meet the requirements of the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Federal Housing Administration, or the Veterans Administration." Appellant does not explain how such a disclosure would have changed his situation. Moreover, the investor ratio issue is not a title issue, it is a marketability issue.

issue of material fact are resolved against the movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.* Evidence favoring the movant's position will not be considered unless it is not controverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965). Where, as here, a summary judgment order does not specify the grounds upon which relief was granted, the reviewing court will affirm the judgment if any one of the theories advanced in the motion is meritorious. *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 640 (Tex. App.—Dallas 2013, no pet.).

B. Applicable Law

Appellee moved for summary judgment asserting, among other things, that appellant's claims are barred by limitations. We note that appellee did not assert the affirmative defense of limitations in its pleadings. An unpleaded affirmative defense may, however, serve as the basis for a summary judgment when it is raised in the summary judgment motion, and the opposing party does not object to the lack of a Rule 94 pleading in either its written response or before the rendition of judgment. *Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991). Since *Roark,* the supreme court has clarified that the non-movant must present any issue it contends avoids the movant's right to summary judgment in a *written* answer or response to the motion. *McConnell v. Southside Ind. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *see also Thompson v. Harco Nat'l Ins. Co.*, 120 S.W.3d 511, 515 (Tex. App.—Dallas 2003, pet. denied). Appellant did not object to the lack of pleading in his response to appellee's motion.[2] Therefore, the statute of limitation defense was before the trial court as a potential ground for summary judgment.

---

[2] Of course the rules generously allow leave to amend pleadings and the court likewise has considerable discretion with respect to scheduling summary judgment. As a result, a non-movant may well choose to address an unpleaded issue on the merits at summary judgment, rather than contesting the state of the pleadings.

A summary judgment movant on limitations bears the burden to "(1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury."[3] *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the movant does this, the nonmovant must adduce evidence raising a fact issue in avoidance of limitations. *Id.; Equitable Recovery, L.P. v. Heath Ins. Brokers of Tex., L.P.*, 235 S.W.3d 376, 385 (Tex. App.—Dallas 2007, pet. dism'd).

Appellant alleged causes of action against appellee for breach of contract, breach of warranty, and negligent misrepresentation. Appellant's breach of contract and breach of warranty claims are subject to four-year limitations periods. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004; *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 667–68 (Tex. 1999); *Capstone Healthcare Equip. Servs., Inc. v. Quality Home Health Care, Inc.*, 295 S.W.3d 696, 699 (Tex. App.—Dallas 2009, pet. denied). The statute of limitations on appellant's negligent misrepresentation claim is two years. *Weaver v. Tidwell, L.L.P. v. Guarantee Co. of N. Am. USA*, 427 S.W.3d 559, 565 (Tex. App.—Dallas 2014, pet. denied).

A statute of limitations is a procedural device operating as a defense to limit the remedy available from an existing cause of action. *Cadle Co. v. Wilson*, 136 S.W.3d 345, 350 (Tex. App.—Austin 2004, no pet.). A cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Exxon Corp. v.*

---

[3] While it is not entirely clear, we will treat appellant's statement in his affidavit in response to appellee's motion for summary judgment,

> I now know, based on the Deposition of Condo Developer Michael Pacillio taken on SEPTEMBER 4, 2014, that the above referenced ratio exceeded the applicable standard to qualify for an FHA loan, that the Developer instructed his staff to not sales to close using FHA loans and that this loan, in fact, should never have closed under FHA or VA programs. However, I did not know this at the time my financing had been approved. I only discovered the problem in my attempt to sell, when the new Buyer's financing was disallowed and only discover the source of the problem as it relates to Defendants after the deposition of Palacios.

as his assertion of the discovery rule.

*Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011) (op. on reh'g) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)). The general rule governing when a claim accrues, to start limitations running, is the "legal injury rule," which provides that a claim accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997).

"It is well-settled law that a breach of contract claim accrues when the contract is breached." *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002); *see also Foster v. Foster*, 884 S.W.2d 497, 501 (Tex. App.—Dallas 1993, no writ). A claim for breach of warranty of title, which appellant attempts to claim although his complaint is not a legal title issue, but rather a marketability issue as to those seeking government backed loans, accrues and limitations begins running on the date of the breach. *Solares v. Solares*, 232 S.W.3d 873, 879 (Tex. App.—Dallas 2007, no pet.). A cause of action in tort, such as negligent misrepresentation, generally accrues when facts come into existence that authorize the party to seek a judicial remedy, *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998) or, if the discovery rule applies, when the plaintiff knows or, exercising reasonable diligence, should have known of the facts giving rise to a cause of action. *See Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997).

C. Analysis of the Limitations Defense

Appellant's breach of contract, breach of warranty, and negligent misrepresentation causes of action are based on the allegation that appellee failed to disclose to him that the investor ratio operated as a "cloud on title" that hindered the merchantability of the property, when it issued its title commitment in 2007, more than nine years before he filed his lawsuit against appellee. Because appellant filed his lawsuit against appellee on September 2, 2016, his negligent

misrepresentation claim is time-barred if it accrued before September 2, 2014, and his breach of contract and breach of warranty claims are time-barred if they accrued before September 2, 2012, unless there is some basis for tolling limitations periods.

In his affidavit appellant acknowledges that he became aware of the investor ratio and government backed loan issue in March of 2012. He then states he did not know that the developer, from whom he purchased the property, had instructed its staff not to make sales subject to FHA loans, until he read the September 4, 2014 deposition of the developer's representative. He states that is when he discovered "the source of the problem as it relates to Defendants."

The discovery rule is a limited exception to the general principle that a statute of limitations begins to run when an injury occurs, regardless of when the plaintiff learns of the injury. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex.1996) (op. on reh'g). The discovery rule defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action. *Id.* The discovery rule applies "only when the "nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 930 (Tex. 2011) (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001)); *see also HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). An injury is inherently undiscoverable if by its nature, it is "unlikely to be discovered within the prescribed limitations period despite due diligence." *Ross*, 356 S.W.3d at 930 (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996)).

In this case, we need not decide whether appellant's alleged injury was inherently undiscoverable and objectively verifiable, because appellee's alleged wrongful act and any injury that could possibly flow therefrom were at the very least discoverable by March 2, 2012, when appellant's sale fell through and appellant was advised about the high investor ratio issue. Appellant's statement concerning his discovery of the source of the problem does not impact our

analysis here.  Accordingly, we conclude appellant's breach of contract, breach of warranty, and negligent misrepresentation claims, accrued at the latest on March 2, 2012 and were time-barred by the applicable statutes of limitations when appellant filed this lawsuit.  Appellee's limitations defense, therefore, was meritorious and supports the grant of summary judgment.  Because we have concluded the summary judgment may be supported on the basis of the applicable statutes of limitations, we need not address whether the summary judgment was likewise supported by the lack of a genuine issue of fact concerning essential elements of appellant's claims.  Accordingly, we overrule appellant's sole issue.

### III.  CONCLUSION

We affirm the trial court's judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


170928F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LOU NEMETH, Appellant

No. 05-17-00928-CV          V.

REPUBLIC TITLE OF TEXAS, INC.,
Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-11111.
Opinion delivered by Justice Schenck.
Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee REPUBLIC TITLE OF TEXAS, INC. recover its costs of
this appeal from appellant LOU NEMETH.

Judgment entered this 21st day of June, 2018.