**AFFIRM; and Opinion Filed April 19, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-11-01720-CV**

_____

**FREDERICK DUNMORE AND SANDRA DUNMORE, Appellants**

**V.**

**CHICAGO TITLE INSURANCE COMPANY, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. TX-09-31763**

## OPINION

Before Justices Bridges, Fillmore, and Myers
Opinion by Justice Fillmore

Appellants Frederick and Sandra Dunmore appeal a summary judgment granted in favor

of appellee Chicago Title Insurance Company. In three issues, appellants contend the trial court

erred by (1) granting summary judgment in favor of appellee based on a statute of limitations

affirmative defense, (2) finding accrual of appellants' claims was not tolled by the "discovery

rule," and (3) rendering a judgment describing appellants as defendants *in rem*. We affirm the

trial court's judgment.

### Background

On July 30, 2001, appellants signed an agreement to purchase Lots 8 and 9 of Block 8250

of the Southwood Estates Addition, City of Lancaster, Dallas County from Rolene Long (Long).

The agreement designated appellee the escrow agent for the transaction, and provided that Long

would furnish to appellants an owner policy of title insurance issued by appellee. The closing of the transaction was to occur in the office of appellee on August 24, 2001. The documents executed at that time—the General Warranty Deed With Vendor's Lien executed by Long (Warranty Deed 1), the Real Estate Certification and VA Escape Clause/FHA Escape Clause executed by Long and appellants, and the Deed of Trust (Deed of Trust 1), Maximum Allowable Charges Authorization, Survey Receipt and Acknowledgment With Hold Harmless, Waiver of Inspection, Deed Restrictions Notice, and Purchaser's Affidavit executed by appellants— reference only Lot 9. The policy of title insurance issued by appellee on September 7, 2001 insured only Lot 9. Warranty Deed 1 and Deed of Trust 1 were recorded by appellee in the Dallas County real property records in September 2001. Because Deed of Trust 1 encumbered only Lot 9, appellants' mortgage company collected from appellants, escrowed, and paid property taxes assessed against Lot 9 only.

On January 25, 2003, appellants executed a Deed of Trust (Deed of Trust 2) to secure refinancing of the existing mortgage on the property. Deed of Trust 2 references only Lot 9. Deed of Trust 2 was filed in the Dallas County real property records on April 11, 2003.

On October 16, 2009, Dallas County, City of Lancaster, Lancaster Independent School District, Dallas County School Equalization Fund, Parkland Hospital District, and Dallas County Community College District (the taxing authorities) filed the lawsuit underlying this appeal against Long as the record title owner of Lot 8 seeking to collect delinquent property taxes for the years 2002 through 2009. Appellants submitted a claim to appellee for payment of the unpaid property taxes on March 16, 2010. By amended petition, the taxing authorities joined appellants as defendants in the lawsuit because, but for the error in the legal description of the property conveyed, appellants would have been the record title owners of Lot 8. Long joined

appellee as a third-party defendant in the lawsuit. Appellants filed a cross-claim against appellee based on the incomplete legal description in Warranty Deed 1 and Deed of Trust 1. Appellants asserted causes of action against appellee for breach of contract, negligence, and breach of fiduciary duty arising from violations of the insurance code and the deceptive trade practices act (DTPA).[1] Appellee raised the affirmative defenses of two and four-year statutes of limitation, accord and satisfaction, laches, payment of all sums to which appellants were entitled, and exclusions under the owner policy of title insurance for fees, taxes, and assessments by any taxing authority. Upon the motion of the taxing authorities, the trial court dismissed Long from the lawsuit.

Appellee accepted title insurance coverage for penalties, interest, and court costs relating to unpaid taxes because of the failure of Warranty Deed 1 to transfer title to Lot 8. That amount, through July 2010, was $4,418.33, which included $3,815.23 in penalties and interest and $603.10 in court costs. In their cross-claim, appellants acknowledge appellee paid them $4,418.33, representing "penalty, interest and court costs sought by" the taxing authorities. Appellee advised appellants, however, that appellants were responsible for unpaid taxes on Lot 8.

Appellee obtained a General Warranty Deed With Vendor's Lien executed by Long on July 16, 2010 which correctly references Lots 8 and 9 (Warranty Deed 2). Warranty Deed 2 was recorded in the Dallas County real property records on December 30, 2010. It provides that it was recorded in lieu of and substitution for Warranty Deed 1 recorded on September 7, 2001, to add Lot 8 to the legal description of the property, Lot 8 having been inadvertently omitted in

---

[1] Appellants did not specify in their pleading what alleged violation of the insurance code or the DTPA constituted a breach of fiduciary duty.

Warranty Deed 1. Appellee also reimbursed Long for attorney's fees she incurred as a result of the lawsuit filed by the taxing authorities against her as the record title owner of Lot 8.

Appellee filed a traditional motion for summary judgment "on its affirmative defenses." Without stating the basis, the trial court rendered summary judgment in favor of appellee. Following a bench trial, the trial court signed a final judgment on the taxing authorities' claims, describing appellants as defendants *in rem* and imposing a lien on Lot 8 for the unpaid taxes, interest, penalties, and costs. Appellants filed this appeal, asserting the trial court erred in granting summary judgment in favor of appellee and in rendering final judgment in favor of the taxing authorities.

## Summary Judgment

In their first issue, appellants assert the trial court erred by granting summary judgment based on limitations because appellee, as escrow agent, "extended [its] actions by obtaining and filing a correction deed [for Lot 8] on December 30, 2010 and paying Long's attorney for services in February 2011." In their second issue, appellants contend the trial court erred in granting summary judgment based on limitations, because the discovery rule tolled accrual of appellants' claims against appellee as an escrow agent until the corrected Warranty Deed 2 was filed by appellee in the Dallas County real property records on December 30, 2010. As appellants' first and second issues concern the granting of summary judgment on appellants' claims of breach of contract, negligence, and breach of fiduciary duty based on limitations, we consider appellants' first and second issues together.

### *Standard of Review*

We review the grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A summary judgment under rule of civil procedure 166a(c) is

properly granted when the movant establishes that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 373 (Tex. App.—Dallas 2011, no pet.). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

Where, as here, a summary judgment order does not specify the grounds upon which relief was granted, the reviewing court will affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993). It is the burden of appellants to show that each of the grounds asserted in the motion is insufficient to support the judgment. *Jones v. Hyman*, 107 S.W.3d 830, 832 (Tex. App.—Dallas 2003, no pet.); *Holloway v. Starnes*, 840 S.W.2d 14, 18 (Tex. App.—Dallas 1992, writ denied).

### *Law Applicable to Limitations Defense*

A summary judgment movant on limitations bears the burden to "(1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury." *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the movant does this, the nonmovant must adduce evidence raising a fact issue in avoidance of limitations. *Id.*; *Equitable Recovery, L.P. v. Heath Ins. Brokers of Tex., L.P.*, 235 S.W.3d 376, 385 (Tex. App.—Dallas 2007, pet. denied).

Appellants alleged causes of action against appellee for breach of contract, negligence, and breach of fiduciary duty. Appellants' claims for breach of fiduciary duty and breach of contract are subject to four-year limitations periods. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(5) (West 2002) (breach of fiduciary duty subject to four-year limitations period); TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008); *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (four-year statute of limitations is applicable to breach-of-contract claims); *Pollard v. Hanschen*, 315 S.W.3d 636, 641 (Tex. App.—Dallas 2010, no pet.) (four-year statute of limitations applies to breach of contract and breach of fiduciary duty claims). The statute of limitations on appellants' negligence claim is two years from the date the cause of action accrued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2012); *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam).

A statute of limitations is a procedural device operating as a defense to limit the remedy available from an existing cause of action. *Cadle Co. v. Wilson*, 136 S.W.3d 345, 350 (Tex. App.—Austin 2004, no pet.). A cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011) (op. on reh'g) (citing *Provident Life & Accident Ins. Co.v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)). The general rule governing when a claim accrues, to start limitations running, is the "legal injury rule," which provides that a claim accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997).

"It is well-settled law that a breach of contract claim accrues when the contract is breached." *Stine*, 80 S.W.3d at 592; *see also Foster v. Foster*, 884 S.W.2d 497, 501 (Tex. App.

—Dallas 1993, no writ) (claim for breach of contract accrues when the contract is breached). A cause of action for negligence accrues on the date the negligent injury-producing act is committed. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). Breach of fiduciary duty claims generally accrue when the claimant knows or in the exercise of ordinary diligence should know of the wrongful act and resulting injury. *Villarreal v. Wells Fargo Brokerage Servs.*, 315 S.W.3d 109, 119 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *see also Murphy*, 964 S.W.2d at 271. "[T]he commencement of the limitations period may be determined as a matter of law if reasonable minds could not differ about the conclusion to be drawn from the facts in a record." *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998).

*Analysis of Limitations Defense*

Appellants' breach of contract, negligence, and breach of fiduciary duty causes of action are based on the allegation that appellee, as escrow agent, failed to properly describe and include Lot 8 in Warranty Deed 1 and Deed of Trust 1 filed in the Dallas County real property records on September 7, 2001, more than nine years before appellants filed their cross-claim against appellee. Because appellants filed their cross-claim against appellee on March 18, 2011,[2] their negligence claims are time-barred if they accrued before March 18, 2009, and their breach of contract and breach of fiduciary duty claims are time-barred if they accrued before March 18, 2007, unless there is some basis for tolling the limitations periods.

In their second issue, appellants assert the trial court erred to the extent it granted summary judgment based on limitations, because the discovery rule tolled the accrual of appellants' causes of action for negligence, breach of contract, and breach of fiduciary duty.

---

[2] Appellants filed a cross-claim against appellee on January 5, 2011. However, the order joining appellee as a third-party defendant was not signed until January 6, 2011. Appellants again filed a cross-claim against appellee on March 18, 2011. Assuming appellants' January 5, 2011 cross-claim was a viable pleading, even though filed before appellee was made a party to cause number TX-09-31763, it would not affect our conclusions.

Appellants assert that because appellee, as escrow agent, owed them a fiduciary duty, they had no obligation to question documentation transferring ownership of the property to them in August 2001 and that appellee's breach of its fiduciary duty was not discoverable by appellants until the corrected Warranty Deed 2 was filed by appellee in the Dallas County real property records on December 30, 2010. Conversely, appellee argues appellants knew or should have known of the error in the legal description of the property at the August 2001 real estate closing, or at least in January 2003 when appellants executed Deed of Trust 2, well-beyond four years before appellants filed suit against appellee.

The discovery rule is a limited exception to the general principle that a statute of limitations begins to run when an injury occurs, regardless of when the plaintiff learns of the injury. *See Computer Assocs. Int'l v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996) (op. on reh'g). The discovery rule "defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Id.*; *see also Murphy*, 964 S.W.2d at 270; *Heath Ins. Brokers*, 235 S.W. 3d at 386; *Barker v. Eckman*, 213 S.W.3d 306, 311–12 (Tex. 2006) (when applicable, discovery rule tolls accrual of a cause of action such that limitations will not begin to run until plaintiff knew or should have known, in the exercise of reasonable diligence, of the facts giving rise to the cause of action). The discovery rule applies "only when the "nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 930 (Tex. 2011) (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001)); *see also HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). An injury is inherently undiscoverable if by its nature, it is "unlikely to be discovered within the prescribed

limitations period despite due diligence." *Ross*, 356 S.W.3d at 930 (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996)).

"An escrow agent owes a fiduciary duty to both parties, seller and buyer, to the underlying contract." *Watkins v. Williamson*, 869 S.W.2d 383, 387 (Tex. App.—Dallas 1993, no writ). In cases where alleged injuries arise from a breach of fiduciary duty, a fiduciary's misconduct may be inherently undiscoverable. *See S.V.*, 933 S.W.2d at 8; *Altai*, 918 S.W.2d at 456. Nonetheless, once the fiduciary's conduct becomes apparent, the claimant cannot ignore it, regardless of the fiduciary nature of the relationship. *See S.V.*, 933 S.W.2d at 8; *see also Altai*, 918 S.W.2d at 456 (person owed a fiduciary duty has some responsibility to ascertain when an injury occurs). In other words, even in a breach of fiduciary duty case where a fiduciary's misconduct is inherently undiscoverable, a breach of fiduciary duty claim accrues when the claimant knows or in the exercise of ordinary diligence should know of the wrongful act and resulting injury. *See Murphy*, 964 S.W.2d at 271.

In this case, appellee's wrongful act and appellants' resulting injury were not inherently undiscoverable. The undisputed summary-judgment evidence indicates that at the real estate closing on August 24, 2001, appellants signed the Real Estate Certification, VA Escape Clause/FHA Escape Clause, Deed of Trust 1, Maximum Allowable Charges Authorization, Survey Receipt and Acknowledgment With Hold Harmless, Waiver of Inspection, Deed Restrictions Notice, and Purchaser's Affidavit, all referencing only Lot 9 and failing to reference Lot 8. Appellants are presumed to have consented to the terms of agreements they signed and are charged with knowledge of the legal effects of the documents. *See First City Mortg. Co. v. Gillis*, 694 S.W.2d 144, 147 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (if no fraud is involved, one who signs an agreement without knowledge of its contents is presumed to

have consented to its terms and is charged with knowledge of the agreement's legal effect). Accordingly, the undisputed summary-judgment evidence established as a matter of law that appellants knew or should have known about their injury on August 24, 2001, the date of the real estate closing. *See id*.

Appellants seek to avoid this adverse result by arguing in their first issue that appellee's obtaining corrected Warranty Deed 2 in July 2010, filing the deed in December 2010, and paying Long's attorney's fees in February 2011, extended the applicable statutes of limitations. However, appellants' March 18, 2011 cross-claim against appellee does not allege that by obtaining the corrected Warranty Deed 2 and filing the deed in the Dallas County real property records, or by paying Long's attorney's fees, appellee was negligent, breached a contract with appellants, or breached a fiduciary duty to appellants.[3] Because appellants have not pleaded a cause of action based on appellee's obtaining and filing corrected Warranty Deed 2 or paying Long's attorney's fees, these actions by appellee cannot be a basis for extending the limitations periods otherwise applicable to the cross-claim of appellants. *See Amaye v. Oravetz*, 57 S.W.3d 581, 585 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (elementary that a defendant is not required to rebut a theory not raised by plaintiff).

We conclude that appellants' breach of contract, negligence, and breach of fiduciary duty causes of action accrued on August 24, 2001, the date of the real estate closing, and were time-barred by the applicable statutes of limitations when appellants filed their cross-claim against appellee. Appellee's limitations defense, therefore, was meritorious and appellants have failed in their burden to show that each of the grounds asserted in appellee's summary-judgment motion is

---

[3] In addition, appellants have made no argument and have cited no authority in their appellate brief to support a contention that by obtaining the corrected Warranty Deed 2 and filing the deed in the Dallas County real property records, or by paying Long's attorney's fees, appellee was negligent, breached a contract with appellants, or breached a fiduciary duty to appellants. Further, appellants have made no argument and have cited no authority in their appellate brief to support a contention that they suffered a legal injury for which a claim of negligence, breach of contract, or breach of fiduciary duty accrued when appellee obtained and filed the corrected Warranty Deed 2 or paid Long's attorney's fees.

insufficient to support the trial court's judgment. *See Hyman*, 107 S.W.3d at 832. Accordingly, we resolve appellants' first and second issues against them. Because we have concluded the summary judgment may be supported on the basis of the applicable statutes of limitations, we need not address the other affirmative defenses raised by appellee. *See* TEX. R. APP. P. 47.1.

### Final Judgment

In their third issue, appellants contend the trial court erred "in its final judgment describing appellants as the defendant (in rem) when [Long] was the defendant in rem obligated to pay taxes on the property thru 2009 when [appellants] did not own the property." The trial court's judgment decreed the total amount of delinquent taxes owing to the taxing authorities on Lot 8 and related accrued penalties, interest, attorney's fees and costs, and imposed a lien on Lot 8 in that amount. *See* TEX. TAX CODE ANN. § 32.07(a) (West 2008) (except as provided by subsections inapplicable in the case at bar, "property taxes are the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is imposed . . . .").

Appellants' argument consists merely of a brief restatement of their third issue. Appellants argue that "The trial court erred . . . in granting judgment against [appellants] *in rem* when Plaintiff Dallas County et al dismissed defendant [Long] based upon the filed deed of December 30, 2011," and, "The trial court finally erred as did the taxing authority in dismissing Long and in the final judgment holding [appellants] as the owner[s] *in rem* with obligation for taxes on [Lot 8] from 2001 through the date of judgment."

The law is well established that to present an issue for appeal, appellants' brief must contain, among other things, clear and concise argument for appellants' contentions with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(i). Appellate courts

must construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *see* TEX. R. APP. P. 38.9. However, an issue on appeal that is not supported by argument or citation to legal authority presents nothing for the court to review. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *Birnbaum v. Law Offices of G. David Westfall*, 120 S.W.3d 470, 477 (Tex. App.—Dallas 2003, pet. denied). When a party fails to brief a complaint adequately, he waives the issue on appeal. *Devine v. Dallas Cnty.*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.).

Appellants' argument, consisting of three sentences, essentially restates their third issue. Appellants fail to provide sufficient argument or authority to make their appellate complaint in their third issue viable.[4] Therefore, appellants have waived any argument that the trial court erred by rendering a final judgment "describing appellants as the defendant (in rem) when [Long] was the defendant in rem obligated to pay taxes on the property thru 2009 when [appellants] did not own the property." *See* TEX. R. APP. P. 38.1(i); *Lundy v. Masson*, 260 S.W.3d 482, 503 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (concluding appellant failed to provide argument or cite authority for contention on appeal and appellate court was "not required to do the job of the advocate"). We resolve appellants' third issue against them.

---

[4] We further note that in their notice of appeal, appellants complain only of the trial court's September 22, 2011 summary judgment in favor of appellee, not the trial court's November 17, 2011 final judgment. Moreover, the trial court's final judgment that is the subject of appellants' third issue was a judgment in favor of the taxing authorities, which are not parties to this appeal.

## Conclusion

Having resolved appellants' three issues against them, we affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

111720F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FREDERICK AND SANDRA DUNMORE, Appellants

No. 05-11-01720-CV     V.

CHICAGO TITLE INSURANCE COMPANY, Appellee

On Appeal from the 44th Judicial District Court, Dallas County, Texas
Trial Court Cause No. TX-09-31763.
Opinion delivered by Justice Fillmore, Justices Bridges and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Chicago Title Insurance Company recover its costs of this appeal from appellants Frederick Dunmore and Sandra Dunmore.

Judgment entered this 19th day of April, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE