**REVERSE and REMAND; and Opinion Filed August 9, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01168-CV

**KIMBERLY SUTTON, Appellant**
**V.**
**HAMMAD SHEIKH, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-11-0707**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Fillmore

Kimberly Sutton sued Hammad Sheikh for personal injuries arising from an automobile accident. The trial court rendered summary judgment for Sheikh based on the statute of limitations. We reverse the trial court's judgment. We issue this memorandum opinion because the law to be applied in this case is well settled. TEX. R. APP. P. 47.4.

## Background

On April 24, 2009, Sutton and Sheikh were involved in an automobile accident. On April 25, 2011, Sutton filed a lawsuit against Sheikh, alleging that she suffered personal injuries from the accident and that Sheikh's negligence was the cause of the accident. Sheikh filed an answer on February 7, 2012, asserting the affirmative defense of limitations.

On February 16, 2012, Sheikh filed a motion for summary judgment on the ground that Sutton's claims were barred by the statute of limitations. Sheikh specifically argued that Sutton

filed her suit after limitations had expired and failed to use diligence in executing service. The only summary judgment evidence referenced in the motion was Sutton's original petition, relied upon by Sheikh to establish when the accident occurred and that Sutton filed the petition on April 25, 2011.

Sutton responded that her suit was timely filed and that she exercised due diligence in attempting to serve Sheikh. As summary judgment evidence, Sutton attached the affidavit of her husband, Randy Sutton. Randy stated that he attempted to file the petition on April 22, 2011, but the courthouse was closed because it was Good Friday. He filed the petition on Monday, April 25, 2011, the next day the courthouse was open. Randy also set out efforts he had made to have citation served on Sheikh, including paying for the issuance and service of the citation; learning the constable had been unsuccessful in serving Sheikh at the provided address; performing an internet search to locate a new address for Sheikh; traveling to Sheikh's former address in an attempt to locate a new address for Sheikh; hiring an investigator to locate a new address for Sheikh; and once a new address was located, contacting both the constable and the "courthouse" about obtaining service on Sheikh. The trial court granted Sheikh's motion for summary judgment.

## Analysis

We review the grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The movant seeking a traditional motion for summary judgment has the burden to demonstrate that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). We review the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We credit evidence favorable to the nonmovant if reasonable

jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When, as in this case, the trial court's order granting summary judgment does not specify the basis for the ruling, we will affirm the summary judgment if any of the grounds presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

A properly pleaded affirmative defense, supported by uncontroverted summary judgment evidence, may serve as the basis for summary judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991); *Gilbreath v. Steed*, No. 12-11-00251-CV, 2013 WL 2146230, at *5 (Tex. App.—Tyler May 15, 2013, no pet.) (mem. op. on reh'g). To obtain summary judgment on the affirmative defense of limitations, a movant must conclusively establish the elements of the defense, including when a cause of action accrued and that the plaintiff did not file suit within the limitations period. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Browne v. City of San Antonio*, No. 04-11-00219-CV, 2012 WL 11756, at *6 (Tex. App.—San Antonio Jan. 4, 2012, pet. denied) (mem. op.)

A person must bring suit for personal injury no later than two years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2012). A cause of action for negligence accrues on the date the negligent, injury-producing act is committed. *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 641 (Tex. App.—Dallas 2013, no pet.); *see also Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). Sutton's negligence cause of action for personal injuries therefore accrued on the date of the automobile accident, April 24, 2009 and she had until April 24, 2011 to timely file her lawsuit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Because April 24, 2011 was a Sunday, Sutton could timely file her petition on the next business day. *See* TEX. CIV. PRAC. &

REM. CODE ANN. § 16.072 (West 2008) ("If the last day of a limitations period under any statute of limitations falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day that the county offices are open for business."). Sheikh concedes on appeal, and evidently conceded at the hearing on the motion for summary judgment,[1] that Sutton timely filed her petition.

We agree that Sutton timely filed her lawsuit on Monday, April 25, 2011. However, the mere filing of a petition will not toll the running of a statute of limitations. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied). The plaintiff must also exercise due diligence in the issuance and service of citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990)); *Boyattia*, 18 S.W.3d at 733. If a petition is filed within the limitations period, service of the citation outside the limitations period may still be valid if the plaintiff exercises diligence in obtaining service on the defendant. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). "When a defendant has affirmatively pleaded the defense of limitations, and shown that service was not timely, the burden shifts to the plaintiff to prove diligence." *Id.* (citing *Proulx*, 235 S.W.3d at 216).

In his motion for summary judgment, Sheikh asserted he was entitled to summary judgment on two grounds: (1) Sutton failed to timely file her petition; and (2) Sutton "made no attempts at serving Defendant with her petition since the filing" and failed to use due diligence to serve Sheikh with citation. In support of the first ground, Sheikh referenced Sutton's petition to establish the date of the accident and the date that Sutton filed suit. However, Sheikh offered no summary judgment evidence to establish that he had not been timely served. *See Ashley*, 293

---

[1] The appellate record does not contain a transcript of the hearing on the motion for summary judgment.

S.W.3d at 179; *Zale*, 520 S.W.2d at 891 (party moving to dismiss suit on ground that petition was filed but not served within applicable limitations period must conclusively establish that ground); *Brown v. Shores*, 77 S.W.3d 884, 887 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("Thus, when a defendant has affirmatively pleaded the defense of limitations and has shown, *with summary judgment proof*, that plaintiff failed to timely serve the defendant, the burden shifts to the plaintiff to explain the delay." (emphasis added)) (citing *Murray*, 800 S.W.2d at 830). Because Sheikh failed to meet his burden of conclusively establishing that service of citation was untimely, the burden never shifted to Sutton to raise an issue of fact as to whether she used diligence in attempting to serve Sheikh. *See Proulx*, 235 S.W.3d at 216; *Murray*, 800 S.W.2d at 830.

Because neither of the grounds asserted in Sheikh's motion for summary judgment are meritorious, the trial court erred by granting summary judgment. Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

121168F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KIMBERLY SUTTON, Appellant

No. 05-12-01168-CV        V.

HAMMAD SHEIKH, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas,
Trial Court Cause No. CV-11-0707.
Opinion delivered by Justice Fillmore, Justices O'Neill and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Kimberly Sutton recover her costs of this appeal from appellee Hammad Sheikh.

Judgment entered this 9th day of August, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE