In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00241-CV**
_____

**RODESSA OPERATING COMPANY, INC., Appellant**

**V.**

**LEVERICH LIQUIDATION COMPANY, L.L.C., ASSIGNEE OF DISSOLUTION SUPPLY CO., L.C., F/K/A BOURLAND & LEVERICH SUPPLY CO. L.C., AND IPSCO KOPPEL TUBULARS, L.L.C. D/B/A TMK IPSCO KOPPEL, Appellees**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV 27047**

**MEMORANDUM OPINION**

Appellant Rodessa Operating Company, Inc. ("Rodessa") appeals from the trial court's final summary judgment, in which the trial court ordered that Rodessa take nothing from appellees Leverich Liquidation Company, L.L.C., assignee of Dissolution Supply Co., L.C. and formerly known as Bourland & Leverich Supply Co. L.C. ("Leverich") and IPSCO Koppel Tubulars, L.L.C. d/b/a TMK IPSCO Koppel ("IPSCO"). Rodessa raises one appellate issue for our consideration. We

affirm the trial court's summary judgment in part and reverse the trial court's summary judgment in part, and remand the cause for further proceedings consistent with this opinion.

## BACKGROUND

In its original petition against Leverich and IPSCO, which was filed on January 23, 2012, Rodessa contended that on September 21, 2006, Leverich supplied Rodessa with "12,506.30 feet of 2 3/8" 4.70# L-80 8RD EUE T&C RG2 SMLS Koppel pipe" for a drilling project Rodessa was operating. According to Rodessa, Leverich provided materials that did not conform to Rodessa's order, resulting in the failure of the well due to "crushing pressure" and Rodessa's loss of the "drilling project known as IP 39 #1 in Polk County, Texas" on May 6, 2008. Rodessa asserted that Leverich and IPSCO provided pipe that was of J-55 hardness, "which was not fit for the intended purpose of the L-80 pipe ordered by RODESSA."

Rodessa alleged that while taking a deposition of a Leverich representative in a similar case on December 14, 2010, Rodessa discovered IPSCO's role in delivering non-conforming pipe and tubular goods to Rodessa. Rodessa contended that Leverich ordered the tubular goods to be delivered directly to Rodessa by IPSCO, who also "manufactured, tempered, conditioned, and otherwise created the

tubular goods." According to Rodessa, if the pipe had been the grade of hardness represented, the well would not have failed. Rodessa alleged that it "pulled that failed pipe from the hole and preserved it[,]" and later submitted it to an expert metallurgist, who issued a report dated September 17, 2010, which confirmed that the tubular goods supplied by Leverich and IPSCO did not conform to the proper specifications. Rodessa alleged that the expert's metallurgical examination of the pipe constituted Rodessa's first actual notice "that the failure was caused by the lack of due care, manufacturing defects, and contractual violations of [Leverich] and IPSCO."

Rodessa asserted causes of action against Leverich and IPSCO for DTPA violations, negligence, fraudulent inducement (Rodessa states in its original petition that misrepresentations were made "for the purpose of inducing [Rodessa] into a contract for the purchase of the material in question"), and breach of contract. Both Leverich and IPSCO raised limitations as an affirmative defense in their responsive pleadings. *See* Tex. R. Civ. P. 94.

Leverich and IPSCO jointly filed a traditional motion for summary judgment against Rodessa based upon their affirmative defense of the statute of limitations. According to Leverich and IPSCO, Rodessa's causes of action for DTPA violations, misrepresentation, negligence, and breach of contract all accrued on

3

September 21, 2006, when materials of an allegedly improper grade were supplied to Rodessa. Leverich and IPSCO contended that two-year statutes of limitations barred Rodessa's causes of action for DTPA violations, negligence, and misrepresentation, and a four-year statute of limitations barred Rodessa's cause of action for breach of contract. Leverich and IPSCO characterized Rodessa's misrepresentation claim as one for negligent misrepresentation rather than fraudulent inducement; however, based upon the language used by Rodessa in its pleading, we conclude that Rodessa's claim is most properly characterized as one for fraudulent inducement. Leverich and IPSCO's summary judgment evidence merely consisted of a copy of Rodessa's original petition, the September 21, 2006, invoice for the pipe Rodessa ordered, a copy of IPSCO's original answer, and a copy of Leverich's answer.

In response, Rodessa asserted that the cause of action did not accrue until the pipe was tested by a metallurgist "in connection with a similar case," and that a fact issue exists with respect to whether Rodessa, "in the exercise of reasonable diligence, should have submitted the pipe for metallurgical examination when it was initially pulled from the hole." Rodessa argued that its causes of action were inherently undiscoverable because determining the grade of the pipe by visual inspection was impossible. Rodessa provided an affidavit by its owner, Ken Talley,

4

who averred that the metallurgist's report was the "first knowledge" he had, "either individually or as president of Rodessa Operating, that the pipe in question was not the same pipe grade represented by the sellers . . . ." After conducting a hearing, the trial court granted summary judgment in favor of Leverich and IPSCO and ordered that Rodessa take nothing.

ANALYSIS

In its sole appellate issue, Rodessa contends the trial court erred by granting summary judgment in favor of Leverich and IPSCO because "the statute of limitations ran only with the discovery of the pipe defect in 2012;" previous filings in a related case put Leverich and IPSCO on notice of a potential claim; and the discovery rule applied, placing the burden on Leverich and IPSCO, as the movants for summary judgment, to negate "all issues concerning the invocation of the discovery rule by Rodessa[.]"[1] We review a summary judgment de novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848

---

[1]On appeal, Rodessa asserts for the first time that IPSCO is "equitably estopped" from asserting a limitations defense due to its "prior dealings" with Rodessa, and that IPSCO and Leverich had actual notice of the claim due to the filing of a counterclaim in litigation related to the same issue at another well. Because these issues were not presented to the trial court, they are not preserved for review. *See* Tex. R. App. P. 33.1(a); *see also City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) ("The written answer or response to the motion must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion.").

5

(Tex. 2009). A party filing a traditional motion for summary judgment must show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997). Therefore, a defendant asserting a limitations defense in a motion for summary judgment

> must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury.

*KPMG Peat Marwick v. Harrison Cnty. Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). "If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations." *Id*. In determining whether the movant met its summary judgment burden, we take all evidence favorable to the non-movant as true and resolve every reasonable inference in favor of the non-movant. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

Pleadings do not constitute summary judgment evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660-61 (Tex. 1995).

Fraudulent inducement claims are governed by a four-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4) (West 2002); *Canada v. Canada*, No. 02-11-00483-CV, 2013 WL 1759894, at *3 (Tex. App.—Fort Worth Apr. 25, 2013, no pet.) (mem. op.). Claims for breach of a contract for the sale of goods are also governed by a four-year statute of limitations. Tex. Bus. & Com. Code Ann. § 2.725(a) (West 2009). Claims for negligence and DTPA violations are governed by a two-year statute of limitations. Tex. Bus. & Com. Code Ann. § 17.565 (West 2011) (two-year statute of limitations for DTPA claims); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2013)[2] (general two-year statute of limitations); *see Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 640 (Tex. App.—Dallas 2013, no pet.) (applying two-year statute of limitations from section 16.003(a) to negligence claim).

The date that a cause of action accrues is a question of law. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990); *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988). "A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a

---

[2]Because the changes to section 16.003(a) are immaterial to this appeal, we cite to the current version of the statute.

7

claimant to seek a judicial remedy." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). A cause of action for negligence accrues on the date when the negligent act that produces the injury is committed. *Dunmore*, 400 S.W.3d at 641. A cause of action for breach of contract involving a sale of goods accrues "when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach[,]" and a cause of action for a DTPA violation accrues when the consumer discovered or should have discovered the occurrence of the allegedly false, misleading, or deceptive act or practice. Tex. Bus. & Com. Code Ann. §§ 2.725(b), 17.565. Finally, a cause of action for fraudulent inducement accrues on the date the allegedly false representations were made. *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 227 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

The discovery rule defers the accrual of a cause of action until the plaintiff knows, or by exercising reasonable diligence should know, of the facts giving rise to its claim. *Barker v. Eckman*, 213 S.W.3d 306, 311-12 (Tex. 2006); *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 279 (Tex. 2004); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). The discovery rule is a very limited exception to statutes of limitations, and its application is generally restricted "to exceptional cases to avoid defeating the purposes behind the limitations statutes."

8

*Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006). Because the discovery rule is a plea in confession and avoidance, a party seeking to avail itself of the discovery rule must plead the discovery rule as a matter in avoidance. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517-18 (Tex. 1988). The discovery rule delays accrual only if the injury was both inherently undiscoverable and objectively verifiable. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996). "An injury is not inherently undiscoverable when it is the type of injury that could be discovered through the exercise of reasonable diligence." *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 66 (Tex. 2011).

Leverich and IPSCO contend that Rodessa did not plead the discovery rule, but instead raised the discovery rule for the first time in its response to the motion for summary judgment. Although Rodessa did not explicitly use the term "discovery rule" in its original petition, Rodessa did allege that the expert's metallurgical examination of the pipe constituted Rodessa's "first actual notice . . . that the failure was caused by the lack of due care, manufacturing defects, and contractual violations of [Leverich] and IPSCO." We hold that this allegation by Rodessa in its first amended petition was sufficient to provide Leverich and IPSCO with fair notice that Rodessa intended to rely upon the discovery rule. *See Galindo v. Snoddy*, No. 06-13-00072-CV, ___ S.W.3d ___, 2013 WL 6136771, at *3 n.8

9

(Tex. App.—Texarkana Nov. 22, 2013, no pet. h.) (not yet released for publication) (concluding that when petition alleged when the falsity of representations was discovered, an attorney of reasonable competence would understand such an allegation as invoking the discovery rule); *see generally* Tex. R. Civ. P. 45 ("All pleadings shall be construed so as to do substantial justice.").

We now turn to the question of whether the discovery rule applies to Rodessa's claims. With respect to Rodessa's claim for breach of contract, the discovery rule does not apply because the Legislature has explicitly rejected its application in breach of contract claims involving the sale of goods. Tex. Bus. & Com. Code Ann. § 2.725(b); *Via Net*, 211 S.W.3d at 313. Therefore, Rodessa's breach of contract action accrued on September 21, 2006, when the non-conforming pipe was delivered, and Rodessa's filing of its original petition on January 23, 2012, was not timely. *See* Tex. Bus. & Com. Code Ann. § 2.725(b). Accordingly, the trial court did not err in granting summary judgment as to Rodessa's breach of contract claim. *See id.*; *see also Via Net*, 211 S.W.3d at 313.

We next address the question of whether Leverich and IPSCO demonstrated that the discovery rule does not apply. As previously discussed, the movant for summary judgment on limitations must (1) prove when the cause of action accrued and (2) negate the discovery rule, if the discovery rule applies, by proving that

10

there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury. *KPMG Peat Marwick*, 988 S.W.2d at 748.

Leverich and IPSCO provided as summary judgment evidence the invoice for the pipe, which demonstrated that the pipe was delivered to Rodessa on September 21, 2006, and that absent application of the discovery rule, Rodessa's causes of action accrued on that date. However, the trial court had no evidence before it concerning whether the non-conforming pipe was inherently undiscoverable by Rodessa upon delivery, *e.g.*, whether the pipe was unmarked or mismarked, or whether the industry standard required that pipes be marked to show their strength and grade. The trial court also had no evidence before it regarding whether, if the non-conforming pipe was inherently undiscoverable upon delivery, when Rodessa should have discovered its injury in the exercise of reasonable diligence. *See id.* In addition, Leverich and IPSCO's motion for summary judgment failed to negate the discovery rule's application to Rodessa's claims, despite the fact that Rodessa had pleaded the discovery rule, and instead simply orally argued at the hearing on the motion for summary judgment that Rodessa had failed to properly plead the discovery rule. Therefore, Leverich and IPSCO failed to meet their burden of proving that, as a matter of law, there was no genuine issue

11

of material fact about when Rodessa should, in the exercise of reasonable diligence, have discovered the nature of the injury. *See id.* Accordingly, we affirm the trial court's summary judgment with respect to the breach of contract claim, to which the discovery rule does not apply, and we reverse the trial court's summary judgment as to Rodessa's causes of action for negligence, DTPA violations, and fraudulent inducement and remand the cause for further proceedings consistent with this opinion.[3]

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 13, 2013
Opinion Delivered January 16, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[3]We do not rule on the ultimate issue of whether the statute of limitations has run on Rodessa's claims for negligence, DTPA violations, and fraudulent inducement. Rather, our ruling as to those claims is confined to determining that, in the context of the summary judgment proceeding, Leverich and IPSCO failed to meet their burden of showing that no genuine issues of material fact exist and they are entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).