**REVERSE and REMAND; and Opinion Filed May 11, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00616-CV

### DOROTHY HENRY, Appellant
### V.
### BASSAM ZAHRA, Appellee

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-03453-C**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

Dorothy Henry appeals the trial court's order granting Bassam Zahra's motion for summary judgment on Henry's negligence claim. Henry raises three issues in this Court, challenging Zahra's capacity to bring the motion as well as the sufficiency of the motion. Because Zahra did not prove he was entitled to judgment as a matter of law, we reverse the summary judgment order. We issue this memorandum opinion because the law to be applied to this case is well settled. *See* TEX. R. APP. P. 47.4.

### Background

Henry slipped, fell, and allegedly injured herself on May 11, 2011, in a convenience store. She sued and served Zahra in his individual capacity as the owner of the premises where she fell. Zahra answered, generally denying Henry's allegations. He later amended his answer

to add a number of affirmative defenses, including an allegation that Henry's claim was barred by the statute of limitations. Both of Zahra's answers contained a paragraph stating:

> As required by Section 30.014 of the Texas Civil Practice and Remedies Code, Defendant is a corporation and thus has neither a Social Security nor driver's license number.

Henry subsequently amended her pleadings to respond to the defense of limitations. Her amended petition added the following allegations:

> Any applicable statute of limitations [ ] pursuant to TEX. CIV. PRAC. & REM. CODE §16.003 is tolled pursuant [to] Tex. Civ. Prac. & Rem. Code §16.063 as to the named Defendant in his individual capacity. The limitations are tolled to the extent and for the duration that the individual Defendant was absent from Texas which suspends the running of the applicable statute of limitations for the period of his absence.

> As to the Defendant Bassam Zahra, as a corporation, the Defendant has made an appearance and filed an answer through an attorney. This action results in the waiver of any defective service or defense as to limitations.

Zahra filed a motion for summary judgment based on his limitations defense. The trial court granted the motion and dismissed Henry's claim. Henry appeals.

**Standard of Review**

We apply well known standards in our review of traditional summary judgment motions. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden to demonstrate that no genuine issue of material fact exists and he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49. We consider the evidence in the light most favorable to the nonmovant. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). When we review a traditional summary judgment in favor of a defendant, we determine whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively established every element of an affirmative defense. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997). A defendant moving for summary judgment on

the affirmative defense of limitations has the burden to establish that defense conclusively. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

Within this framework, we review the trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

### The Summary Judgment Motion

Zahra filed a traditional summary judgment motion on the single ground of limitations. Zahra's summary judgment evidence included Henry's petition, Henry's response to Zahra's request for disclosure, and a certified excerpt from Henry's deposition testimony. In all three of these documents, Henry asserted that her accident occurred on May 11, 2011. Zahra established that Henry did not file her original petition until June 10, 2013, which was thirty days after the running of the two-year statute of limitations applicable to Henry's negligence claim. Thus, Zahra argued he was entitled to judgment as a matter of law.

In her response to Zahra's motion, Henry challenged Zahra's ability to bring the motion in either his individual capacity (because he purportedly had not made an appearance in the suit) or as a corporate entity (which purportedly had answered and waived the defense of limitations). Henry also challenged the motion's substantive failure to negate the tolling provision she raised in her amended petition.

In his reply, Zahra charged Henry was "trying to confuse the issue" of his status as a defendant. He acknowledged that the statement of corporate status in his answers was an error, but pointed to Henry's discovery responses—which stated the parties were properly named—to show she knew she was suing an individual, not a corporation. And as to Henry's challenge to the substance of his motion, Zahra argued it was Henry's burden to come forward with summary judgment evidence that he had been absent from the state long enough to overcome the bar of limitations.

–3–

*Zahra's Status as Defendant*

In her first issue, Henry argues the trial court erroneously granted summary judgment in favor of Zahra, who filed answers stating that the defendant was a corporation, when Henry's petition was styled and served against Zahra as the individual owner of the premises. Henry contends that Zahra "as a corporation" had, by answering, waived defects in service and the defense of limitations. In her second issue, Henry contends Zahra "as an individual" had failed to make an appearance in the lawsuit and, therefore, could not be entitled to summary judgment in that capacity.

The root of any confusion as to Zahra's status as a defendant is Zahra's own pleading error. Zahra's counsel acknowledges he copied over an answer from another case and inadvertently failed to change "left over" language in the paragraph concerning identification of the party by driver's license and social security numbers. However, Henry failed to urge a special exception to Zahra's answer, which would have resolved any confusion as to his status. One purpose of a special exception is to compel clarification of pleadings that are not clear or sufficiently specific. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). An opposing party should use special exceptions to identify defects in a pleading so the other party can cure them, if possible, by amendment. *COC Servs., Ltd. v. CompUSA, Inc.*, 150 S.W.3d 654, 677 (Tex. App.—Dallas 2004, pet. denied). Absent special exceptions, we construe a pleading liberally in favor of the pleader. *See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 81 (Tex. 2000).

It is undisputed that Henry's petition was filed against Zahra individually. Construed liberally, Zahra's answers were filed in that same capacity. We conclude further that Zahra urged his summary judgment motion as an individual defendant. We discern no error in the

summary judgment proceeding related to any possible confusion as to Zahra's status as a defendant. We overrule Henry's first two issues.[1]

*Statute of Limitations*

In her third issue, Henry argues the trial court erred in granting summary judgment because the applicable statute of limitations was tolled by any absence of Zahra from the state. A plaintiff must bring suit for personal injury no later than two years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2014). A cause of action for negligence accrues on the date the injury-producing act is committed. *Dunmore v. Chicago Title Ins. Co.,* 400 S.W.3d 635, 641 (Tex. App.—Dallas 2013, no pet.). The summary judgment evidence establishes that Henry's negligence cause of action for personal injuries accrued on the date of her fall in Zahra's store, May 11, 2011. Thus, Henry's lawsuit would have been timely if she had filed it by May 11, 2013. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Henry did not file suit until June 10, 2013, thirty days later.

However, when moving for summary judgment on limitations, the movant must not only establish the limitations bar, he must also negate any suspension or tolling of limitations asserted by the nonmovant. *See, e.g., Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999) (discovery rule); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975) (absence from state and diligence in procuring service of citation); *Guardia v. Kontos*, 961 S.W.2d 580, 583 (Tex. App.—San Antonio 1997, no pet.) (absence from state); *Winston v. Am. Med. Int'l, Inc.*, 930 S.W.2d 945, 955 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (absence from state).

---

[1] Given our resolution of Henry's first two issues, we do not address the defense Henry urges in the event we were to conclude Zahra is a corporate entity.

Henry's amended pleading specifically raised the issue of Zahra's absence from the state during the limitations period and invoked the statutory provision that would have tolled the running of the statute of limitations during that absence. The relevant statute provides:

> The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.063 (West 2015). Henry's amended petition relies on this tolling "to the extent and for the duration that the individual Defendant was absent from Texas."

On appeal, Zahra challenges Henry's tolling defense to his own limitations defense on two grounds. First, Zahra contends Henry's pleading was insufficient to invoke section 16.063 because the pleading does not (a) identify a particular number of days that Zahra was absent from Texas or (b) aver that the number of days Zahra was purportedly absent exceeded the thirty days by which Henry was late in her filing. Zahra did not make this argument in his summary judgment motion, so we question whether he has preserved it for our review. However, even if the challenge to Henry's pleading were preserved, it would fail. Our rules require only that a party give an opponent fair notice of a cause of action or ground of defense. *See* TEX. R. CIV. P. 45(b); *see also Kopplow Dev., Inc. v. City of San Antonio*, 399 S.W.3d 532, 536 (Tex. 2013) (purpose of notice pleading is to give opponent information sufficient to enable preparation of defense). Henry's pleading satisfied this standard by identifying the specific statutory provision on which she relied to support her tolling defense.[2]

Zahra also argues that Henry offered no summary judgment evidence that Zahra was absent from the state a sufficient number of days to render her petition timely. At trial, Henry

---

[2] We note that if Zahra had required more information from Henry before filing his summary judgment motion, he could have employed special exceptions or discovery tools to learn what she knew. However, the dates when Zahra was or was not absent from the state would have been within Zahra's personal knowledge as well.

would have the burden to prove Zahra's absence was in fact sufficient to overcome the limitations bar. *See Rhone-Poulens, Inc.*, 997 S.W.2d at 223, n.3. But at the summary judgment stage, negating a tolling provision is part of the movant's burden to establish his defense of limitations conclusively. *Id.* at 223.

In this case, Zahra did not challenge Henry's tolling defense to Zahra's limitations defense in Zahra's motion for summary judgment and offered no summary judgment evidence related to his presence in—or absence from—the state during the relevant limitations period. Accordingly, he has not carried his burden to show he is entitled to judgment as a matter of law. *See id.* We decide Henry's third issue in her favor.

We reverse the trial court's order granting summary judgment in favor of Zahra and dismissing Henry's claim against him. We remand this case for further proceedings consistent with this opinion.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

140616F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOROTHY HENRY, Appellant

No. 05-14-00616-CV     V.

BASSAM ZAHRA, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-13-03453-C.
Opinion delivered by Justice Fillmore.
Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Dorothy Henry recover her costs of this appeal from appellee Bassam Zahra.

Judgment entered this 11th day of May, 2015.