**AFFIRMED and Opinion Filed September 21, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00711-CV

**TEEL STYLES, Appellant**
**V.**
**TEXAS ATTORNEY GENERAL, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-00248**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Goldstein

Teel Styles appeals the trial court's judgment dismissing her claims pursuant to rule of civil procedure 91a and granting the Texas Attorney General's plea to the jurisdiction. In her pro se brief, Styles presents the following issues: "A default in regards to the summons process of Rule 21. Failure to respond to the prove up. And the Court Dismissal of August 13th of 2021."[1] We affirm the trial court's judgment.

---

[1] The record reflects that an order granting Defendant's Motion to Dismiss and Plea to the Jurisdiction was entered and issued as a Final Judgment on August 13, 2021. The underlying proceedings were not recorded such that no reporter's record was filed and the record consists solely of the Clerk's Record.

The record reflects that, in January 2021, Styles filed a lawsuit against the AG and others consisting of a title page, an April 2002 final divorce decree, and allegations concerning the AG's attempt to collect child support arrearages. Styles requested "Compensation on the grounds of Monetary and Punitive Damages @ 500,000,000.00."

In April 2021, the AG filed a motion to dismiss pursuant to rule of civil procedure 91a and a plea to the jurisdiction alleging (1) Styles did not plead sufficient factual allegations, accepted as true, to state a claim for relief that was plausible on its face and (2) Styles failed to allege a valid waiver of sovereign immunity. Styles filed no response. The trial court subsequently entered judgment dismissing Styles' claims and granting the AG's plea to the jurisdiction. This appeal followed.

Although Styles' brief contains no statement of the facts of the underlying case, citation of authority, or discussion of the issues raised, we discern from the above-quoted statement of the issues and the record that she is complaining of the AG's alleged default by failing to respond to a summons and the trial court's August 13, 2021, final judgment of dismissal.

We start with the admonition that an appellant's brief must contain a clear and concise argument for the contentions made and citations to authorities and the record. TEX. R. APP. P. 38.1(i). Rule 38 requires a party to provide us with such discussion of the facts and authorities relied upon as may be necessary to present the

issue. *Rangel v. McMackin Beam Revocable Tr.*, No. 05-14-00016-CV, 2015 WL 4456099, at *1 (Tex. App.—Dallas July 21, 2015, no pet.). Inadequate briefing results in waiver of the complaint. *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 644 (Tex. App.—Dallas 2013, no pet.).

On December 6, 2021, Styles filed her brief which lacked a clear and concise argument as well as appropriate citations to authorities and the record. This Court, by letter dated December 10, 2021, notified appellant that her brief did not comply with the rules of appellate procedure and advised her that failure to file an amended brief that complied with the Texas Rules of Appellate Procedure could result in dismissal of the appeal. Specifically, appellant's brief did not contain (1) a table of contents indicating the subject matter of each issue; (2) an index of authorities; (3) a concise statement of the case, the proceedings, or the trial court's disposition; (4) a concise statement of all issues or points presented; (5) a concise statement of the facts supported by record references; (6) a succinct, clear, and accurate statement of the arguments; (7) appropriate citations to authorities or to the record; or (8) a proper certificate of service. *See* TEX. R. APP. P. 9.5(e)(2)(3), 38.1(b)-(d), (f)–(i). *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895–96 (Tex. App.—Dallas 2010, no pet.). Appellant was instructed to file an amended brief within 10 days or December 20, 2021. On December 20, 2021, rather than filing an amended brief, appellant filed a motion for extension of time to file her amended brief, which the Court granted and extended the deadline to January 4, 2022. On January 4, 2022,

appellant filed her amended brief that again failed to comply with Texas Rule of Appellate Procedure 38.

Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with the applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* Accordingly, for all the reasons described above, appellant has waived her issues on appeal. *Id.*

We resolve Styles' issues against her and affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210711F.P05

—4—



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEEL STYLES, Appellant

No. 05-21-00711-CV          V.

TEXAS ATTORNEY GENERAL,
Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-00248.
Opinion delivered by Justice
Goldstein. Justices Schenck and
Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee TEXAS ATTORNEY GENERAL recover its costs of this appeal from appellant TEEL STYLES.

Judgment entered September 21, 2022.